74 F.3d 1246
 77 A.F.T.R.2d 96-720
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PACIFIC ENERGY INSTITUTE, INC., Plaintiff-Appellant,
v.
UNITED STATES INTERNAL REVENUE SERVICE; Ann Brown,
Director, Defendants-Appellees.
 No. 94-36172.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 7, 1995.
Decided Jan. 16, 1996.
 
 Before: FLETCHER, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We have reviewed the record, including the documents Pacific Energy seeks, the IRS's Vaughn Index and the Declaration of Andrew Finneman. These materials were also before the district court. They gave the district court an "adequate factual basis," Church of Scientology Int'l v. IRS, 995 F.2d 916, 918-19 (9th Cir.1993), for its determination that the IRS properly withheld the documents, in their entirety, under Freedom of Information Act Exemption 7(D), 5 U.S.C. Sec. 552(b)(7)(D). We therefore review the district court's determination under the "clearly erroneous" standard. Id. at 919.
 
 
 3
 Exemption 7(D) permits an agency that has received a FOIA request to withhold documents "compiled for law enforcement purposes" to the extent that producing them could reasonably be expected to disclose the identity of a "confidential" source. 5 U.S.C. Sec. 552(b)(7)(D). We have held that "determining eligibility for ... tax exempt status" is a law enforcement function for purposes of Exemption 7. Church of Scientology, 995 F.2d at 919-20. We have also held that an agency may withhold documents under Exemption 7 only when it shows the documents were actually compiled for a law enforcement purpose when it responded to the FOIA request. Id. at 920 n. 3. It's clear from the record that the documents Pacific Energy seeks inspired the IRS's Exempt Organizations branch to audit Pacific Energy. It's also clear the Exempt Organizations branch actually had compiled the documents for its audit of Pacific Energy when the IRS responded to Pacific Energy's FOIA request. See CR 11 (Vaughn Index at 1-2 & n. 2; Declaration of Andrew Finneman at p 3-5). Although Pacific Energy tries to dispute these issues, it doesn't point to any evidence to support its position. We therefore conclude that the documents were "compiled for law enforcement purposes" within the meaning of Exemption 7.
 
 
 4
 As for the extent to which producing the documents would reveal the identity of a confidential source, we have held that a source is "confidential" for purposes of Exemption 7(D) if the source provided information in circumstances from which an assurance of confidentiality could reasonably be inferred. Weiner v. FBI, 943 F.2d 972, 986 (9th Cir.1991); see also United States Dep't of Justice v. Landano, 113 S.Ct. 2014, 2023-24 (1993) (describing circumstances in which it may be reasonable to infer an assurance of confidentiality). Our review of the record indicates the district court's determination that the source here was confidential was not clearly erroneous. Our review further indicates there is no reasonably segregable portion of the documents that could be disclosed without revealing the confidential source's identity. We therefore conclude the district court's determination that the IRS properly withheld the documents in their entirety, was not clearly erroneous.
 
 
 5
 Pacific Energy seeks attorney's fees. However, a complainant in a FOIA case isn't eligible for such an award unless it "substantially prevailed" in the litigation. 5 U.S.C. Sec. 552(a)(4)(E). Pacific Energy didn't substantially prevail in this case. It obtained only five of 80 documents it sought, and none that was particularly noteworthy.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3